**JS-6**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUNDELLE DIAL,<br><br>       Petitioner,<br><br>      v.<br><br>M. GUTIERREZ, Acting Warden,<br><br>       Respondent. | Case No. ED CV 21-2100 VBF (MRW)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

The Court dismisses this habeas action without prejudice as moot.

\* \* \*

1.    Petitioner Dial formerly was an inmate at the federal prison in Victorville. In December 2021, he filed a habeas petition in this district under 28 U.S.C. § 2241. The gist of the petition complained about Petitioner's placement in and out of Victorville's segregated housing unit and protective housing while he waited to be transferred to another prison. (Docket # 1 at 2-3.)

2.    Significantly, the relief that Petitioner requested in his petition was "a court order [for] Warden T. Jusino to transfer me immediately" to

his new prison facility (Id. at 3.) (The petition also demanded production of prison records and future detention orders; none of these requests properly falls within the scope of habeas corpus relief.)

3. The government subsequently moved to dismiss the action in its entirety. (Docket # 7.) Among the arguments that the government advanced was its observation that the habeas action was moot; Petitioner was transferred to a federal prison in Florida shortly after commencing the action.

4. Petitioner's responsive filing did not address this mootness issue. (Docket # 16.) (It primarily responded to the government's alternative dismissal arguments regarding whether Petitioner properly exhausted his claims.) However, the Court takes notice that the return address on Petitioner's envelope shows that he is currently housed at the federal prison facility in Coleman, Florida. (Id. at 12.) That comports with Magistrate Judge Wilner's review of Petitioner's earlier change-of-address submission indicating that Petitioner was in the process of being moved. (Docket # 11.)

\* \* \*

5. If it "appears from the application that the applicant or person detained is not entitled" to relief, a court may summarily dismiss an action. Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

\* \* \*

6. Petitioner's action is moot. The habeas relief that he sought in his petition was an order effectuating his then-pending transfer from a federal prison in California to one in Florida. He subsequently received

1  that transfer.  There is no basis for this Court to consider his habeas corpus
2  claim further.  <u>Green v. Jenkins</u>, 859 F. App'x 186, 187 (9th Cir. 2021)
3  (prisoner's "claim for habeas relief premised on conditions at MDC LA is
4  now moot" due to transfer to different facility); <u>Miller v. United States</u>, No.
5  ED CV 18-2064 SVW (SP) (C.D. Cal.), 2020 WL 3979693 at *2 (prisoner
6  transfer to another prison rendered petition moot; "it appears petitioner's
7  claims have at least substantially been met").  Dismissal of Petitioner's
8  moot habeas action is appropriate because there is no other aspect of his
9  sentence or conditions of confinement for this Court to address.[1]
10 <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864 (9th Cir. 2000).

11     7.    The Court notes, but declines to substantively address, the
12 government's alternative dismissal argument regarding the
13 unreviewability of the housing determination of the Bureau of Prisons.
14 (Docket # 10 at 7-8.)  "Congress has given federal prison officials full
15 discretion" to control conditions of confinement.  <u>Moody v. Daggett</u>, 429
16 U.S. 78, 88 n.9 (1976); <u>Pham Huu Duc v. United States</u>, No. CV 14-1273 SS
17 (C.D. Cal.), 2014 WL 4273252 at *4 (2014); 18 U.S.C. § 3621(b) (BOP "shall
18 designate the place of the prisoner's imprisonment").  Consequently, a
19 federal habeas court lacks subject matter jurisdiction to review
20 discretionary determinations regarding inmate housing, classification, and
21 other BOP determinations.  <u>Reeb v. Thomas</u>, 636 F.3d 1224, 1228 (9th Cir.
22 2011) (federal courts "lack jurisdiction to review" claim regarding RDAP
23 drug program participation); <u>United States v. Ceballos</u>, 671 F.3d 852, 855

---

[1] The Court considered whether to convert Petitioner's habeas action into a civil rights action based on his allegations of improper detention at the Victorville facility.  However, those allegations are unclear, cursory, and failed to identify proper defendants for a <u>Bivens</u> action.  On that basis, the Court declines to <u>sua sponte</u> convert Petitioner's case.  <u>Nettles v. Grounds</u>, 830 F.3d 922, 936 (9th Cir. 2016) ("court may recharacterize the petition so long as it warns the <u>pro se</u> litigant of the consequences of the conversion" (including cost of filing fees)); <u>Fiorito v. Entzel</u>, 829 F. App'x 192, 194 (9th Cir. 2020) (same; declining conversion).

(9th Cir. 2011) (per curiam) (BOP has "the statutory authority to choose the locations where prisoners serve their sentence").

\* \* \*

8. Petitioner ultimately received the relief he sought when he commenced this habeas action. As a result, the case must be dismissed without prejudice as moot.

Petitioner's two-page document filed August 8, 2022 (Doc 17), which the Clerk's office docketed as a "Motion to Notify Courts", is **DENIED as moot.**

IT IS SO ORDERED.

Dated: August 9, 2022                  /s/ Valerie Baker Fairbank
                                       _____
                                       HON. VALERIE BAKER FAIRBANK
                                       SENIOR U.S. DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE